IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTOPHER T. WEATHERLY | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv1 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Christopher T. Weatherly, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Factual Background

On July 27, 2007, in the Criminal District Court for Jefferson County, Texas, following a trial by jury, petitioner was convicted of Aggravated Sexual Assault. Petitioner was sentenced to a term of fifteen years' confinement in the Texas Department of Criminal Justice, Correctional Institutions Division.

Petitioner filed an appeal to the Ninth Court of Appeals in Beaumont, Texas. On appeal, petitioner argued the following grounds: (1) Counsel was ineffective because he should have objected to references to the "victim" in the court's charge, as well as to the use of the word by the prosecutor; (2) counsel was ineffective for failing to object to certain testimony by Betty Cato that was damaging to petitioner; (3) counsel was also ineffective because he did not object to testimony by Cato which petitioner characterized as backdoor opinion testimony; and (4) trial counsel's conduct was deficient because he failed to object during the prosecutor's final argument that (a) improperly commented on petitioner's failure to testify, and (b) asked jurors to put themselves into

the shoes of J.C. and her family. The judgment of the trial court was affirmed on April 1, 2009. *Weatherly v. State*, 283 S.W.3d 481 (5th Cir. 2009). Petitioner filed a petition for discretionary review ("PDR") which was refused by the Texas Court of Criminal Appeals on August 19, 2009.

On June 30, 2010, petitioner filed a state application for writ of habeas corpus. The Texas Court of Criminal Appeals adopted the findings of the trial court and denied the application without written order on September 15, 2010.

## The Petition

Petitioner brings this petition asserting the following grounds: (1) he was denied a fair trial because a juror was nodding off and sleeping, waiving her hands, moving her chair, and distracting the other members of the jury during trial; and the trial court failed to make the proper ruling to correct the problem;[1] and (2) he was denied the effective assistance of counsel based on "abandonment" by his attorney.

## The Response

The respondent filed his reply denying petitioner's assertions. The respondent contends that petitioner's claims concerning the juror who allegedly was sleeping and distracting other jurors is procedurally defaulted for failing to present them in a procedurally correct manner. Additionally, the respondent asserts petitioner failed to exhaust his state court remedies on his ineffective assistance of counsel claims, and such claims are procedurally barred.

---

[1] While the petition lists three grounds for review, petitioner originally brought claims one and three concerning the alleged sleeping juror and the court's rulings together in his state habeas proceeding. Accordingly, the court has grouped grounds one and three together for purposes of this report.

Analysis

*Exhaustion and Procedural Default*

A person in custody pursuant to the judgment of a State court generally must exhaust available State habeas remedies prior to filing an application in Federal court. Title 28 U.S.C. § 2254 provides in pertinent part the following:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>   (B)(i) there is an absence of available State corrective process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement is satisfied when the substance of the federal habeas claim has been "fairly presented" to the highest state court, i.e., the petitioner presents his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29-33 (2004) (holding a petitioner failed to "fairly present" a claim of ineffective assistance by his state appellate counsel merely by labeling the performance of said counsel "ineffective," without accompanying that label with either a reference to federal law or a citation to an opinion applying federal law to such a claim). The exhaustion requirement is not met if the petitioner presents new legal theories or factual claims in his federal habeas petition. *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982); *Riley v. Cockrell*, 339 F.3d 308, 318 (5th Cir. 2003) ("It is not enough that the facts applicable to the federal claims were all before the State court, or that the petitioner made a similar state-law based claim. The federal claim must be the 'substantial equivalent' of the claim brought before the State court."), *cert. denied*, 543 U.S. 1056 (2005); *Wilder*

*v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) ("where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement").

*Claim One*

Petitioner claims that he was denied due process and a fair trial by jury because one of the jurors allegedly slept through some testimony and distracted other jurors and the court failed to make the proper ruling to correct the problem. The respondent contends the claims are procedurally barred and must fail.

Petitioner's claims asserted concerning the sleeping juror and the court's rulings were raised for the first time on state collateral review. The habeas court found that petitioner's grounds for review were issues which should have been raised on direct appeal; thus, petitioner could not use such matter to litigate under Article 11.07. The Texas Court of Criminal Appeals denied the petition without written order based on the findings of the trial court.

It is well-settled that federal habeas review of a claim is procedurally barred if the last state court to consider the claims expressly and unambiguously based it's denial of relief on a state procedural default. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989); and *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). In this case, the state habeas court found petitioner's claims concerning the sleeping juror were barred from habeas review because they should have been raised during direct appeal but were not.

In Texas, record based claims that should have been raised on direct appeal will not be litigated during habeas proceedings. *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996). The Fifth Circuit Court of Appeals has recognized this state rule is an adequate procedural

bar. *Dorsey v. Quarterman*, 494 F.3d 527, 532 (5th Cir. 2007); *Brewer v. Quarterman*, 466 F.3d 344, 347 (5th Cir. 2006).

A habeas petitioner can overcome a procedural default by showing cause and actual prejudice or a miscarriage of justice. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). However, petitioner has failed to demonstrate either cause, prejudice or a miscarriage of justice. Accordingly, petitioner is not entitled to federal habeas corpus relief on these grounds for review as they were not exhausted and are procedurally barred.

*Claim Two*

In his second ground, petitioner asserts that trial counsel provided ineffective assistance by the alleged "abandonment" of his rights by failing to poll the jury to determine what effect the sleeping juror had on the other jurors and by failing to correct the court's rulings regarding the juror.

The respondent asserts that petitioner failed to present his claims to the highest state court in his state writ application. To have "fairly presented" his federal claim, the petitioner must have reasonably alerted the state courts to the federal nature of his complaint. *Baldwin*, 541 U.S. at 29-33. "A fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights." *Wilder*, 274 F.3d at 260. Moreover, the Court explained that "to hold that vague references to such expansive concepts as due process and fair trial fairly present, and therefore exhaust, federal claims is to eviscerate the exhaustion requirement." *Id*. A review of petitioner's state application for writ of habeas corpus in this context reveals that the respondent is correct in his assertion that petitioner did not fairly and properly present the claims to the highest state court in a procedurally correct manner.

5

If a petitioner has failed to exhaust state court remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the claims are procedurally defaulted for purposes of federal habeas review, irrespective of whether the last state court to which the petitioner actually presented his claims rested its decision upon an independent and adequate state ground. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991). On habeas corpus review, a federal court may not consider a state inmate's claim if the state court based its rejection of that claim on an independent and adequate procedural state ground. *See Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir.1996). The procedural bar will not be considered adequate unless it is applied regularly or strictly to the great majority of similar claims. *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.), cert denied, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995).

The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.)(per curiam), cert. denied, 115 S.Ct. 2603, 132 L.Ed.2d 847 (1995). In *Emery v. Johnson*, 139 F.3d 191, 194-96 (5th Cir. 1997), the Fifth Circuit reviewed a district court's denial of a habeas petition in a capital murder case. The Court held that the claims at issue were procedurally barred because if the petitioner tried to exhaust them in state court they would be barred by the abuse-of-the-writ doctrine of Article 11.071 of the Texas Code of Criminal Procedure. *Id*. *See also Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (in accord). The Court further noted that Section 4 of Article 11.07, the Texas Code of Criminal Procedure, adopts the same rule for non-capital felony cases. *Emery*, 139 F.3d at 195 n.3.

A habeas petitioner can overcome a procedural default by showing cause and actual prejudice or a miscarriage of justice. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91

L.Ed.2d 397 (1986). However, petitioner has failed to demonstrate either cause, prejudice or a miscarriage of justice. Accordingly, petitioner is not entitled to federal habeas corpus relief on these grounds for review as they were not exhausted and are procedurally barred.

## Conclusion

For the reasons set forth above, the court finds petitioner's grounds for review are procedurally barred and unexhausted and procedurally defaulted. Accordingly, petitioner's petition for writ of habeas corpus should be dismissed.

**SIGNED** this the **10** day of **March, 2014.**

_____
Thad Heartfield
United States District Judge